UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:00CR263(JCH) |
| | : | |
| v. | : | |
| | : | |
| KEITH LYONS | : | APRIL 7, 2008 |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S LETTER AND COURT'S ORDER TO SHOW CAUSE RE: SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)

On or about December 17, 2007, the defendant, Keith Lyons ("Lyons"), filed a *pro se* letter [Doc. # 1865] stating that he is eligible for a modification of his sentence pursuant to 18 U.S.C. § 3582(c).

On or about March 8, 2008, the United States Probation Office issued a revised addendum and recommendation indicating that the defendant is eligible for a sentence reduction under the crack cocaine amendment to the Sentencing Guidelines.

On or about March 25, 2008, the Court issued an Order directing the government to show cause, on or before April 15, 2008, why the defendant should not be given a sentence of 120 months on Count Twelve of the Third Superseding Indictment in this case.[1]

---

[1] The Court's Order directs counsel "to confer before April 15, 2008, and if the government and the defendant are in agreement, to report such to the court by April 15, 2008." Although Mr. Lyons requested the appointment of counsel in his December 2007 letter to the Court, the docket sheet does not reference any such appointment and it is the government's understanding that Mr. Lyons is not currently represented by counsel and is proceeding *pro se*.

A defendant has no Sixth Amendment right to counsel in connection with a Section 3582(c) motion. *See*, *e.g.*, United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 756 (1991); United States v. Townsend, 98 F.3d 510, 512-13 (9th Cir. 1996); United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995). Moreover, courts which have addressed the issue in the context of the retroactive crack amendments have likewise been unanimous in finding no right to counsel. *See, e.g.*, United States v. White, 2008 WL 724171, *2 (W.D. Va. Mar. 17, 2008); United States v. Hopkins, 2008 WL 504002, at *1 (N.D. Iowa Feb. 21, 2008); United States v. Gilliam, 2007 WL 2876329, at *4 (W.D. Va. Sept. 26, 2007). A defendant also has no statutory right to counsel in connection with a Section 3582(c) motion. The pertinent statutory provision, the Criminal Justice Act, 18 U.S.C. § 3006A(c), states in relevant part: "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary

The Government submits this memorandum in response to the defendant's letter and the Court's Order to Show Cause, and agrees that the defendant appears eligible for a reduction of his sentence, with a new Guideline range of 120 to 121 months. The government has no objection to the Court's proposed re-sentencing of the defendant from the original sentence of 121 months to 120 months. According to the BOP, the defendant's current projected release date is August 7, 2011.

## I.     BACKGROUND

On December 20, 2001, a federal grand jury sitting in Bridgeport returned a Third Superseding Indictment in the above-captioned case. Count Twelve charged Lyons and others with conspiring to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846.

On April 12, 2002, Lyons pled guilty to Count Twelve of the Third Superseding Indictment, and, in doing so, entered into a written plea agreement. In the plea agreement, the parties stipulated and agreed that 150 to 500 grams of cocaine base were attributable to the defendant, resulting, at that time, in a base offense level of 34 pursuant to U.S.S.G. § 2D1.1(c). The defendant was awarded three points for acceptance of responsibility, resulting in a total

---

matters appropriate to the proceedings." The courts have uniformly rejected the argument that a Section 3582(c) motion is an "ancillary matter" referenced in Section 3006A(c). To the contrary, the courts have consistently found that a Section 3582 proceeding is not an "ancillary matter" as set forth in Section 3006A, and have likewise held that a defendant does not have a statutory right to counsel in connection with a Section 3582(c) motion. See, e.g., Whitebird, 55 F.3d at 1010 (defendant has no statutory right to counsel in connection with a § 3582(c) motion because such a motion is not an "ancillary matter" under § 3006A); United States v. Reddick, 53 F.3d 462, 464-65 (2d Cir. 1995) (same); cf. Burrell v. United States, 332 A.2d 344, 347 (D.C. 1975) (defendant has no statutory right to counsel in connection with motion to reduce sentence under Rule 35(b)).

The Court, of course, has the discretion to appoint counsel for the defendant in connection with his Section 3582(c) motion, but may not need to exercise its discretion to do so in this case, given the limited scope of the proceedings under Section 3582(c), the fact that the issues presented in this case are straightforward, and given that the government agrees that Mr. Lyons is eligible for and should be awarded the reduction proposed by the Court. The government, however, would have no objection if the Court wishes to appoint counsel for Mr. Lyons.

adjusted offense level of 31. The defendant was determined to be in Criminal History Category II. Accordingly, and as noted in the PSR, the defendant was exposed to a term of incarceration of 121 to 151 months. The Court sentenced the defendant to a term of incarceration of 121 months, which was at the bottom of the applicable range.

Under the 2007 version of the sentencing guidelines, the defendant's revised total offense level is 29. An offense level 29 with a Criminal History Category II results in a suggested sentencing range of 97 to 121 months. However, because the defendant is subject to a statutory mandatory minimum penalty, which is unaffected by the crack amendments, the defendant's resulting effective Guidelines range is 120 to 121 months. As set forth below, the government has no objection to the Court's proposed re-sentencing of the defendant to 120 months.

## II. DISCUSSION

On November 1, 2007, the Sentencing Commission amended the cocaine base guidelines set forth in U.S.S.G. § 2D1.1(c). The amendment in question is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack cocaine offenses.[2] In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706. Previously, the Commission had set the crack offense levels in Section 2D1.1 above the

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

3

range which included the mandatory minimum sentence.  Under the amendment, the

Commission has set the offense levels so that the resulting guideline range includes the

mandatory minimum penalty triggered by that amount, and then set corresponding offense levels

for quantities which fall below, between, or above quantities which trigger statutory mandatory

minimum penalties.  For example, a trafficking offense involving five grams of crack cocaine

requires a statutory mandatory minimum sentence of five years imprisonment.  See 21 U.S.C.

§ 841(b)(1)(B).  Therefore, the revised guideline applies an offense level of 24 to a quantity of

cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category

I, this level produces a range of 51-63 months (encompassing the 60-month mandatory

minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in

the guidelines for crack offenses.  At the high end, the guideline previously applied offense level

38 to any quantity of crack of 1.5 kilograms or more.  That offense level now applies to a

quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms

falls in offense level 36.  At the low end, the guideline previously assigned level 12 to a quantity

of less than 250 milligrams.  That offense level now applies to a quantity of less than 500

milligrams.

In this case, with the defendant falling within Criminal History Category II, as the Court

concluded at sentencing, the two-level reduction results in an adjusted offense level of 29 and a

guideline incarceration range of 97 to 121 months.  The suggested Guideline range, however, is

bounded on the bottom end by the mandatory minimum term under 21 U.S.C. § 841(b)(1)(A),

effectively resulting in a suggested Guidelines range of 120 to 121 months.   At sentencing, the

4

Court imposed a term of incarceration of 121 months, which was the bottom of the guideline range applicable at the time. It would appear that, applying the new guideline range under November 1, 2007 amendment, the appropriate sentence is 120 months, which is the bottom of the amended range, and which is the mandatory minimum statutory penalty.[3]

Section 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range

---

[3] The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence, and that mandate continues to apply. See, e.g., § 1B1.10, comment (n.1(A)) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.)"). A sentence reduction cannot go below the statutory mandatory minimum, because, where a statutory mandatory minimum sentence is applicable, the passage of a retroactive guideline amendment is irrelevant. See, e.g., United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994); United States v. Hanlin, 48 F.3d 121, 124-25 (3d Cir. 1995); United States v. Pardue, 36 F.3d 429 (5th Cir. 1994); United States v. Marshall, 95 F.3d 700, 701 (8th Cir. 1996); United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996); United States v. Smartt, 129 F.3d 539, 542 (10th Cir. 1997); United States v. Eggersdorf, 126 F.3d 1318, 1320 (11th Cir. 1997).

is actually reduced.  United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998); see also United

States v. Colon, 961 F.2d 41, 46 (2d Cir. 1992) (stating that the district court, in the first instance,

had to determine to what extent, if any, it has authority to apply retroactive amendment and

whether it wishes to exercise its discretion to do so).

Similarly, section 1B1.10 directs that "the court shall consider the factors set forth in 18

U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment

is warranted." Id., comment (n. 1(B)(I)); see also U.S.S.G. § 1B1.10, comment (backgr'd) ("The

authorization of such a discretionary reduction does not otherwise affect the lawfulness of a

previously imposed sentence, does not authorize a reduction in any other component of the

sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of

right.").  All courts are in accord on this point.  See United States v. Whitebird, 55 F.3d 1007,

1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); United States v.

Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Coohey, 11 F.3d 97, 101 (8th Cir.

1993); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992); United States v. Mueller,

27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court

must make two distinct determinations before deciding whether to reduce a defendant's sentence

under § 3582(c)(2)." Vautier, 144 F.3d at 760.  First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment
> under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall
> determine the amended guideline range that would have been applicable to the
> defendant if the amendment(s) to the guidelines listed in subsection (c) had been in
> effect at the time the defendant was sentenced . . . .

Id.  In other words, "the court must substitute the amended guideline range for the originally

6

applied guideline range and determine what sentence it would have imposed.  In undertaking this first step, only the amended guideline range is changed.  All other guideline application decisions made during the original sentencing remain intact."  Vautier, 144 F.3d at 760.

Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence."  Id.[4]  Subject to the limits set forth in Section 1B1.10(b), the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence.  In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative.  Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment."  Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment."  The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

If a court decides to reduce a defendant's sentence, the extent of the reduction is strictly

---

[4]  The Eighth Circuit has also endorsed and explained at length this two-step procedure.  United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc), citing United States v. Wyatt, 115 F.3d 606 (8th Cir. 1997). In United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000), however, the court stated that it disagreed with the need for or utility of the two-step method.  The essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record.  The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence.  See id.

7

limited.  Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced.  <u>See</u> 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u).  The Commission, in turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)."  U.S.S.G. § 1B1.10(b)(2)(A).  An application note adds:  "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement.  Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)."  U.S.S.G. § 1B1.10, comment. (n. 3).[5]

Applying these principles here, the government agrees that the defendant is eligible for a reduction of his sentence; the defendant's new Guideline range is 120 to 121 months; and the government has no objection to the Court's proposed re-sentencing of the defendant from the original sentence of 121 months to 120 months.[6]

---

[5] Application note 3 provides an example of this rule:

For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

[6] The Court may act on the motion without the defendant's presence.  U.S.S.G. § 1B1.10(a)(3) clearly states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."  In addition, Fed. R. Crim. P. 43(b)(4) explicitly provides that a defendant "need not be present"

III.    **CONCLUSION**

For the reasons stated above, the Government respectively submits that, pursuant to 18

U.S.C. § 3582(c), the Court should exercise its discretion to lower the defendant's sentence from

121 months' incarceration to 120 months' incarceration pursuant to the amendment.


Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

/s/
STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct19105
United States Attorney's Office
157 Church Street, 23d Floor
New Haven, CT 06510
(203) 821-3700
(203) 821-3829 (fax)
Stephen.Reynolds@usdoj.gov

---

when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c).  Likewise, given the rules and considering the burdens imposed on producing prisoners incarcerated within the Bureau of Prisons, the federal courts of appeal to address this issue have uniformly held that a defendant has no constitutional or statutory right to be present in connection with a motion filed under Section 3582(c).  See, e.g., Anderson v. United States, 241 Fed. Appx. 625, 629 (11th Cir. July 18, 2007) (unpublished) ("Under Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is not required") (emphasis in original); United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (same; hearing not required); United States v. Tidwell, 178 F.3d 946, 948-949 (7th Cir. 1999) (same, noting that "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution").

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing, including the defendant and his former counsel identified below, as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Keith A. Lyons
Reg. No. 14533-014
FMC Devens Camp
P.O. Box 879
Ayer, Massachusetts 01432

Patrice A. Cohan, Esq.
2482 Old Dixwell Avenue
Hamden, Connecticut 06518
(203) 230-2500
(203) 288-4702 (fax)

_/s/_____
STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY